### UNITED FARM BUREAU MUTUAL IN-SURANCE COMPANY and Tamara Nicholson, Appellants (Plaintiffs below),

v.

### BLOSSOM CHEVROLET, INC., Appellee (Defendant below).

No. 49A05–9512–CV–497.

Supreme Court of Indiana.

May 14, 1997.

Glen E. Davis, Jr., Davis, Davis & Langan, Indianapolis, for Appellants.

David J. Stach, Roby & Hood, Fort Wayne, Kathryn J. Roudebush, Fort Wayne, for Amicus Curiae Indiana Trial Lawyers Association.

Jeffrey A. Doty, Kightlinger & Gray, Indianapolis, for Appellee.

James D. Johnson, Keith A. Sermersheim, Mattingly, Rudolph, Fine & Porter, LLP, Evansville, Phillip E. Kalamaros, Edward N. Kalamaros & Associates, South Bend, for Amicus Curiae Indiana Defense Lawyers Association, Inc.

Stephen J. Peters, Stewart & Irwin, Indianapolis, for Amicus Curiae The Insurance Institute Of Indiana, Inc.

### ORDER

Appellant's "Petition to Transfer" is hereby denied.

SHEPARD, C.J., and SULLIVAN and SELBY, JJ., concur.

BOEHM, J., dissents with separate opinion, in which DICKSON, J., concurs.

BOEHM, Justice, dissenting from Denial of Petition to Transfer.

I respectfully dissent from the denial of transfer in this case. Plaintiffs allege that one defendant's negligence caused them injury and that the second defendant "is liable for" the acts of the first. It is undisputed that the plaintiffs intended to execute a release of the first defendant but not of the second. The theory of the second defendant's liability is assumed by the Court of Appeals to be respondeat superior. However dubious that theory may appear on the facts of this case, the rule of law set forth by the Court of Appeals is that notwithstanding the clear intent of the plaintiffs to preserve claims against the master, as a matter of law those claims are barred by the release of the servant The same rule would presumably apply to any other theory of derivative liability.

In *Huffman v. Monroe County Community School Corp.*, 588 N.E.2d 1264 (Ind.1992), this Court sought to inter the trap for the unwary created by the notion that a covenant not to sue one of multiple joint tortfeasors would preserve claims against the others but a release would not. The decision of the Court of Appeals in this case resurrects that doctrine as applied to codefendants whose liability is derivative rather than joint. There is no reason why plaintiffs, as those in this case, should not be able to settle with a servant and preserve claims against the master. Whether it is wise to do so in the face of potential liability to the master is for the servant to evaluate. From the plaintiffs' point of view, settling a multiparty lawsuit is

often somewhat like defrosting a refrigerator. A little heat here, a few chips there, and sooner or later large chunks start falling out. I would conclude that this result can still be achieved under existing precedent by use of a covenant not to sue, but the decision of the Court of Appeals creates uncertainty as to even that useful tool to resolve litigation by agreement.

I see no useful purpose to frustrating the clear intention of the parties to this release, and perceive only mischief resulting from preservation of pre *Huffman* notions. To be sure, there may be only limited situations where the device employed here is useful in settling claims, but to the extent it is useful, this Court should make it available. Plaintiffs' counsel represents that settlement on other terms, including a covenant, was not attainable in this case. In light of the Court of Appeals decision, careful lawyers will presumably be deterred from reaching otherwise attainable settlement agreements in the future. If that is the case, this Court may not have another opportunity to correct what I perceive to be error. In the meantime, *Huffman* remains a signal that this state will honor settlement documents according to their terms, and only the alert will avoid the trapdoor that the rule in this case creates in *Huffman*'s otherwise sensible doctrine facilitating settlement.

DICKSON, J., concurs.